IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEXTER JOESPH PLATT, | § | |
| TDCJ #01253049, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-291 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Dexter Joseph Platt (TDCJ #01253049), is a state inmate incarcerated

in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ").

Platt has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the

result of a prison disciplinary proceeding (Dkt. 1 at p. 2). After reviewing all of the pleadings

and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts, the Court concludes that this case must be **DISMISSED** for

the reasons set forth below.

## I.      BACKGROUND

According to publicly available records and his petition, Platt is incarcerated in

TDCJ's Stiles Unit for two aggravated robbery convictions from Harris County and two

convictions for possession of a prohibited item in a correctional facility from Brazoria

County (Dkt. 1 at p. 2).[1] In this habeas proceeding, Platt challenges not his underlying convictions but the result of a prison disciplinary proceeding lodged against him (Dkt. 1 at pp. 2, 5). In his habeas petition, Platt explains that he was charged in disciplinary case #20170266704 with threatening to inflict harm on an officer; he was found guilty of the charge (Dkt. 1 at pp. 5–6). As punishment, Platt received a demotion in custodial status and lost 15 days of good-time credit (Dkt. 1 at p. 5). He is not eligible for release on mandatory supervision (Dkt. 1 at p. 5). *See* TEX. GOV'T CODE § 508.149(a)(12). For the reasons set forth below, the Court holds that Platt fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.     PRISON DISCIPLINARY PROCEEDINGS

Platt seeks a federal writ of habeas corpus to challenge a prison disciplinary conviction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, a habeas corpus petitioner must establish a constitutional violation in order to prevail. Platt's claims, on their face, fail to make the requisite showing.

---

[1]Brazoria County is within this division, and Harris County is outside of this division but within the Southern District of Texas. *See* 28 U.S.C. §§ 124(b)(1), 124(b)(2). This Court therefore has, and will exercise, jurisdiction over this petition even though the disciplinary proceeding being challenged was conducted in Brazos County. *See Morris v. Stephens*, 599 Fed. App'x 148, 150 (5th Cir. 2015).

## A. Due Process

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are only entitled to relief under the Due Process Clause when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). These protected liberty interests can emanate from either the Due Process Clause itself or from state law—*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)—but the range of constitutionally protected liberty interests is a "narrow" one. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin*).

Platt does not identify any particular right found in the Due Process Clause upon which his habeas petition is grounded. To the extent that the disciplinary conviction and any consequent reduction in his time-earning classification may affect Platt's eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Under these circumstances, then, Platt's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *see also*

*Kyle*, 65 F.3d at 31–32. In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 956–59 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *Teague v. Quarterman*, 482 F.3d 769, 774–77 (5th Cir. 2007) (discussing the mandatory supervision schemes in place both before and after September 1, 1996). It follows that a Texas prisoner cannot demonstrate a constitutional violation without first establishing: (1) that he is eligible for early release on mandatory supervision; and (2) that the disciplinary conviction at issue resulted in a loss of credit for good conduct (*i.e.*, good-time credit). *Malchi*, 211 F.3d at 956–59 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit). Although he lost good-time credit, Platt is not eligible for early release on mandatory supervision (Dkt. 1 at p. 5). *See* TEX. GOV'T CODE § 508.149(a)(12). That fact is fatal to Platt's due process claims.

It is true that Platt's custodial classification was reduced as a result of the disciplinary proceeding. However, the Fifth Circuit has held that reductions in a prisoner's time-earning status, and the potential impact of those reductions on good-time credit earning ability, are too attenuated from the prisoner's ultimate release date to invoke the procedural guarantees of the Due Process Clause. *Malchi*, 211 F.3d at 958–59; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Moreover, changes in the conditions of Platt's confinement resulting from the reduction in his custody classification

4

do not affect the duration or fact of Platt's confinement and do not constitute atypical, significant hardships going beyond the ordinary incidents of prison life. They therefore do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 958 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)).

Because the sanctions at issue do not implicate a protected liberty interest, Platt cannot demonstrate a violation of the Due Process Clause. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Kyle*, 65 F.3d at 31–32; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petition must be dismissed.

## III.   **CERTIFICATE OF APPEALABILITY**

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV.    **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.    The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2.    A certificate of appealability is **DENIED**.

3.    All pending motions are **DENIED** as moot.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____December 6_____, 2017.


GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE